UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEANDRE ALLEN HAWKINS,<br><br>                                Plaintiff,<br>     v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>                                Defendant. | Case No. 3:13-cv-00299-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is Magistrate Judge Wiliam G. Cobb's Report and Recommendation ("R&R") (dkt. no. 20), regarding Plaintiff Deandre Allen Hawkins' Motion for Remand/Reversal (dkt. no. 11) and Defendant Commissioner's Cross-Motion for Summary Judgment (dkt. no. 16). Judge Cobb entered the R&R on August 5, 2014. The Court allowed Plaintiff to file any objections by August 22, 2014 (dkt. no. 20). No objections were filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue

that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. The R&R finds that the ALJ erred in failing to set forth legitimate and specific reasons for rejecting portions of the opinions of Dr. Wildman, Plaintiff's non-treating, examining psychologist. The R&R also finds that the ALJ erred in failing to (1) ask the vocational expert ("VE") whether there was a conflict between the evidence provided by the VE and the Dictionary of Occupational Titles ("DOT"), (2) resolve any apparent conflict by eliciting an explanation from the VE and determining whether it was reasonable, and (3) provide a basis for relying on the VE's testimony rather than the DOT. The R&R recommends, however, that the ALJ did not err in precluding Plaintiff from continuing to cross-examine the VE regarding her methods. The R&R further recommends remand to the ALJ to develop the record in order to resolve the conflict between the VE's testimony and the DOT and to set forth legally sufficient reasons for rejecting portions of Dr. Wildman's opinions. The Magistrate Judge noted that because the record needs to be developed further, it is not clear from the record that the ALJ would be required to award benefits if Dr. Wildman's opinions were fully credited. Upon review of the R&R and the records in this case, the Court finds good cause to adopt the R&R in full.

It is hereby ordered that the R&R (dkt. no. 20) is accepted and adopted. Plaintiff's Motion to Remand (dkt. no. 11) is granted and the Commissioner's Cross-Motion For Summary Judgment (dkt. no. 16) is denied.

It is further ordered that the case is remanded to the ALJ for development of the record and further administrative proceedings.

DATED THIS 30th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE